# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| THOMAS CHENNADU | ) | |
| | ) | CASE NO. 13-20436 |
| DEBTORS | ) | |
| | ) | JULY 10, 2014 |

## OPPOSITION TO THE DEBTOR'S MOTION FOR LEAVE TO APPEAL

JP Morgan Chase Bank, National Association, ("Chase") hereby files this opposition to the Debtor's Motion for Leave to Appeal. Essentially, the Debtor has not satisfied the elements required to appeal from this Court's interlocutory order overruling the Debtor's Objection to Claim. As a result, the Debtor's Motion for Leave to Appeal should be denied.

### I.  BACKGROUND

It is undisputed that on or about October 24, 2005, the Debtor signed a Promissory Note (the "Note") in the original principal amount of $280,000.00 and executed in favor of Freedom Choice Mortgage, LLC ("Freedom"). The Note was then endorsed over to Washington Mutual Bank, FA ("WMB"). While the Debtor takes issue with the manner in which the endorsement was done, the Debtor was provided a "Notice of Assignment" informing him that that Freedom had "assigned, sold, or transferred" the Note to WMB[1].

Also undisputed is that to secure the Note, the Debtor also executed, on or about October 24, 2005, an Open-End Mortgage Deed (the "Mortgage") which secured the real property located at 67-71 Dover Road, West Hartford, Connecticut (the "Property"). On or

---

[1] While the Debtor takes issue with the endorsement, at no point did the Debtor ever deny having received this letter.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

about May 30, 2012, MERS, as nominee for Freedom Choice Mortgage, LLC assigned the Mortgage to Chase.

On March 10, 2013, the Debtor files for bankruptcy protection under Chapter 13 of the Bankruptcy Code. On July 5, 2013, Chase timely filed it Proof of Claim. On December 19, 2013, the Debtor filed an Objection to Chase's Proof of Claim. Distilled to its essence, the Debtor's Objection essentially argued that Chase is not the holder of the Note and, therefore, cannot enforce it. Chase then filed a Motion to Amend the Proof of Claim. The Debtor then objected to that motion arguing that Chase's Claim should be disallowed as it did not conform to the requirements of Bankruptcy Rule 3001. Both the Debtor's Objection to Claim and Chase's Motion to Amend were heard by the Bankruptcy Court on May 22, 2014. On May 27, 2014, the Bankruptcy Court issued an Order overruling the Debtor's Objection to Claim and granting Chase's Motion to Amend its Claim. The Debtor then filed a Motion to Amend the Judgment which Motion was promptly denied. The Debtor then filed its Motion for Leave to Appeal. For the reasons that follow, that Motion should be denied as well.

## II.  **DISCUSSION**

Rule 8003 of the Federal Rules of Bankruptcy Procedure requires that a party seeking to appeal an interlocutory order of the bankruptcy court first request permission from the court to press the appeal. Curiously, nowhere in the Debtor's Motion does he articulate the legal standard for motions for leave to amend. When one reviews the requirements, however, it becomes clear why he did not.

- 2 -

HALLORAN
&SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Although not set forth in the Debtor's Motion for Leave, the standards for entertaining an interlocutory appeal from a bankruptcy court decision are the same as those applied under 28 U.S.C. section 1292(b), which governs appeals of interlocutory decisions from district courts to the courts of appeals. Section 1292(b) authorizes consideration of such appeals that raise a controlling issue of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. A. § 1292(b). In deciding whether to entertain an appeal from an interlocutory order of a bankruptcy judge, district courts generally have applied the standards of 28 U.S.C. § 1292(b). See e.g. Urban Retail Properties v. Loews Cineplex Entertainment, 2002 WL 535479 * 4 (S.D.N.Y. Apr. 9, 2002) ("The standard for determining whether leave to appeal from an interlocutory bankruptcy order should be granted ... is given by 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal.") Under § 1292(b), a party seeking certification must demonstrate that the disputed ruling: (1) involves a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. See, 28 U.S.C. § 1292(b)8; see also Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 23 (2d Cir.1990); German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1398 (S.D.N.Y.1995).

The Second Circuit has repeatedly "urged the district courts to exercise great care in making a § 1292(b) certification." Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp., 964 F.2d 85, 89 (2d Cir.1992). Certification of a permissive interlocutory

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

appeal is limited to "extraordinary cases where appellate review might avoid protracted and expensive litigation", see German, 896 F.Supp. at 1398, and is not intended as a vehicle to provide early review of difficult rulings in hard cases. Id.; Abortion Rights Mobilization, Inc. v. Regan, 552 F.Supp. 364, 366 (S.D.N.Y.1982). The first prong of that standard "refer[s] to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record.... The question must also be 'controlling' in the sense that reversal of the bankruptcy court would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y.2005) (internal quotation marks and footnotes omitted).

As stated above, once one reviews the legal standard it becomes clear why the Debtor omits any such reference to it in their Motion. That is because nowhere in his Motion does the Debtor even raise a hint of a legal issue much less a "controlling legal issue to which there are substantial grounds for difference of opinion". In this case, the Debtor raises four arguments as to why leave to appeal should be granted. All of them are, at best, factual disputes. First, the Debtor claims that Chase cannot be a holder in due course because the authenticity of the Note is at issue. Second, the Debtor claims the alleged endorsement to Chase is invalid. Next, the Debtor argues there was no evidence that Chase took the Note for value. Lastly, the Debtor claims there is some irregularity in the location of the Note. As a result, none of the issues raised by the Debtor in his Motion for Leave even attempt to raise a legal issue that needs to be taken up on appeal. For that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

reason, as well as the additional reasons that follow, the Debtor's Motion for Leave should be denied.

### A. The Authenticity of the Note clearly does not represent a "controlling legal issue"

In his Motion, the Debtor argues that the Note is somehow not authentic as the Debtor questions the endorsement located on the Note. This, however, is, at best, a factual issue and not at all a legal issue. As a result, this issue cannot serve as the basis for the Debtor obtaining permission for leave to appeal. In addition, the Bankruptcy Court clearly believed that the endorsement on the Note was not very relevant as it believed that Chase was the holder in due course as it was the undisputed holder of the Note. See, Doc. 64 at 2.

Moreover, nothing in the Debtor's Motion references any law with regard to this issue, much less any law "controlling law as to which there are substantial grounds for difference of opinion". As a result, this issue cannot serve as a basis for leave to appeal.

### B. The Debtor's Challenge to the Endorsement of the Note is also an Insufficient Reason to Seek Leave to Appeal.

Much like his challenge to the authenticity of the Note itself, the Debtor's challenge to the endorsement of the Note is likewise, at best, a factual dispute and not something which can serve as support for a motion for leave to appeal. Moreover, because the Bankruptcy Court found that Chase was the holder of the Note, Chase could enforce it. Id.

While the Debtor does reference in his Motion for Leave Connecticut General Statutes § 42a-3-401(b), the validity of that statute is not at issue. Instead, the Debtor appears to argue that the endorsement of the Note could not have occurred because the individual endorsing the Note could not have done so because she did not have the

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"present intention to authenticate a writing" pursuant to the statute. <u>See</u>, Motion at 5. Again, the Debtor is not arguing any controlling issue of law but rather the facts (i.e. whether Chase was the holder of the Note) as applied to the relevant law. As a result, this also cannot serve as a basis for leave to appeal.

    C. <u>The Issue of Whether Chase Took the Note for Value is not a Legal Issue and was Proven at the Hearing</u>

At the hearing, it was undisputed that the owner of the Note was Fannie Mae with Chase having the servicing rights. Nowhere does the Debtor take issue with either of those facts. Nevertheless, the Debtor now claims (for the first time) that Chase did not take the Note for value and, therefore, cannot be a holder in due course. Putting aside that the Debtor did not raise this "value" issue previously, the issue is a red herring.

As pointed out in its Reply to the Debtor, Chase, by way of its possession of the Note, is a valid holder of the instrument and, therefore, is entitled to enforce it. <u>See</u>, <u>Ninth RMA Partners, L.P. v. Krass</u>, 57 Conn.App. 1, 7, 746 A.2d 826, cert. denied, 578 253 Conn. 918, 755 A.2d 215 (2000).

Furthermore, "[t]he possession by the bearer of a note indorsed in blank imports prima facie that he acquired the note in good faith *for value* and in the course of business, before maturity and without notice of any circumstances impeaching its validity." (Internal quotation marks omitted.) (Italics added). <u>SKW Real Estate Ltd. Partnership v. Gallicchio</u>, 49 Conn.App. 563, 571, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998). The production of the note establishes his case prima facie against the makers and he may rest there.... It [is] for the [makers] to set up and prove the facts which limit or change the [bearer's] rights." <u>Id</u>.

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Because Chase was able to establish it was the holder of the note, it was able to establish it acquired it for "value". In any event, this, again, represents at best a factual dispute (assuming there can be said to be any dispute at all) and inappropriate grounds for granting a motion for leave to appeal.

D. <u>The Location of the Note was Proven</u>

Lastly, the Debtor takes issue with the location of the Note. However, this again, is a factual issue. Most importantly, the Debtor does not appear to take issue with the fact that they were given an opportunity, and did, inspect the original note. The Debtor appears to argue that the Bankruptcy Court should have given more weight to a letter from 2013 which described the Note as being in Louisiana. The Bankruptcy Court apparently decided, however, that whatever might be stated in that letter, it was clear that the Note was inspected by Debtor's counsel. The Debtor was simply unable to present any evidence that, at the time of the hearing, the Note was somewhere other than where Chase represented it to be – in the Courtroom at the time of the hearing. As a result, not only does the Debtor not present any legal issue but the issue itself appears to have been resolved.

III. **CONCLUSION**

In short, the Debtor does not raise any "type of rare situation which demands immediate review." <u>In re Manhattan Investment Fund, Ltd., et al</u>. 288 B.R. 52 (S.D.N.Y., 2002) at 58. Moreover, the Debtor has not directed this Court to any case law which holds that factual disputes are an appropriate basis for granting leave to appeal. As a result,

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

because the Debtor has failed to meet the legal standard for obtaining leave to appeal, Chase respectfully requests that the Debtor's Motion be denied.

Dated at Hartford, Connecticut, this 10th day of July 2014.

                      SECURED CREDITOR,
                      JP MORGAN CHASE BANK,
                      NATIONAL ASSOCIATION

BY: _____
     Michael S. Wrona
     Fed. Bar No. ct24105
     HALLORAN & SAGE LLP
     wrona@halloran-sage.com

### CERTIFICATION

This is to certify that on the 10th day of July 2014, a copy of the foregoing was electronically filed and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____
Michael S. Wrona

3407507v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

- 8 -
HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105